**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cox Airparts LLC, | No. CV-23-01466-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Kevin Brown, et al., | |
| Defendants. | |

In a different lawsuit that ended in 2022, plaintiff Cox Airparts LLC was awarded $201,397.50 against multiple individuals and entities, including MJP Services, LLC. Each defendant—including MJP Services—was jointly and severally liable for the full amount. Cox filed the present suit in 2023 against MJP Services and some other defendants also named in the earlier suit. Cox appears to be seeking a second judgment against MJP Services for the same amount as the 2022 award. Cox must file a statement explaining why it would be proper to do so.

## BACKGROUND

On December 27, 2021, Cox filed a complaint against Bruce Brown, Kevin Brown, Arizona Aircraft Accessories LLC, Michael Polve, MJP Services LLC, and Warrior Enterprises. (CV-21-2213-PHX-SRB, Doc. 1.) No defendant appeared and in May 2022, the court entered default judgment against all defendants "jointly and severally, in the amount of $165,254.50." (CV-21-2213-PHX-SRB, Doc. 25.) In July 2022, the court awarded Cox $35,029.00 in attorneys' fees and $1,114 in non-taxable expenses. That

1 award specifically noted it was against all defendants, jointly and severally. (CV-21-2213-PHX-SRB, Doc. 27.) The judgment and subsequent orders meant that as of July 2022, MJP Services owed Cox a total of $201,397.50.

Cox was unable to collect any of that total and in July 2023 it filed the present suit against a subset of the defendants from the earlier suit. The defendants in the present suit are Kevin Brown, Michael and Andrea Polve, and MJP Services. (Doc. 1.) Cox alleged these defendants made numerous fraudulent transfers to prevent collection of the 2022 judgment and awards. (Doc. 1 at 7.) While this case was pending, Brown filed for bankruptcy. A few months later, Michael and Andrea Polve did too. The bankruptcy filings left MJP Services as the only active defendant. Cox filed a motion for summary judgment arguing it is entitled to judgment against MJP Services "in the amount of $200,397.50[1] to cover the damages, costs, and attorneys' fees from its first action, plus an award of attorneys' fees for this action, plus all interest accrued under applicable law." (Doc. 51 at 9.)

**ANALYSIS**

Cox is pursing two claims under Arizona's Uniform Fraudulent Transfer Act ("UFTA"). A.R.S. § 44-1001 et seq. "[T]he UFTA's purpose is to protect creditors" like Cox. *Hullett v. Cousin*, 63 P.3d 1029, 1032 (Ariz. 2003); *see also Farris v. Advantage Cap. Corp.*, 170 P.3d 250, 251 (Ariz. 2007) (UFTA "provides rights to creditors against debtors who evade their financial responsibilities"). To accomplish that purpose, the UFTA "provid[es] comprehensive remedies for all creditors unable to collect from debtors who have fraudulently conveyed their assets." *Moore v. Browning*, 50 P.3d 852, 857 (Ariz. Ct. App. 2002). The most familiar of those remedies is voiding any fraudulent conveyances. A.R.S. § 44-1007(2). *See also GATX Corp. v. Addington*, 879 F. Supp. 2d 633, 642 (E.D. Ky. 2012) (under Kentucky's fraudulent transfer statute, the "primary remedy is to void the fraudulent conveyance"). It appears Cox filed the present suit hoping to void the transfers of funds from MJP Services to others. But that is not the relief Cox seeks in its

---

[1] Cox does not explain why this figure is $1,000 less than the total award from the earlier case.

summary judgment filings.

Under the 2022 judgment and awards of attorneys' fees and non-taxable expenses, Cox is entitled to recover $201,397.50 from MJP Services. In seeking summary judgment, Cox requests the court enter a second judgment in that amount. Cox has not explained why it would be appropriate to enter a second judgment of the type it seeks and the most analogous authority indicates such a duplicative judgment is not permitted.

In *Renda v. Nevarez*, 167 Cal. Rptr. 3d 874 (Cal. Ct. App. 2014), Mario Renda had obtained a judgment against Ana Nevarez for more than $800,000. Nevarez did not pay the judgment and Renda believed Nevarez "was transferring assets to sham entities." *Id.* at 875. Renda filed a second suit against Nevarez asserting a claim under California's Uniform Fraudulent Transfer Act, which is very similar to Arizona's UFTA. Renda prevailed after a trial and requested entry of another judgment against Nevarez in the amount of $450,000. *Id.* The trial court denied that request, opting instead to enter "a judgment voiding the $450,000 in fraudulent transfers" Nevarez had made to others. *Id.* The issue for the California Court of Appeal was whether Renda was entitled to the second monetary judgment against Nevarez.

The California Court of Appeal noted Renda's second lawsuit was "an effort to collect on the prior judgment" against Nevarez. *Id.* at 878. But Renda's judgment in the first action meant "the principle against double recovery for the same harm [barred Renda] from obtaining a second judgment against [Nevarez]." *Id.* at 879. Allowing a second judgment would have in effect permitted Renda "to recover more than the [first] judgment, which the [California UFTA] does not allow." *Id.* A similar analysis seems to apply here.

Regardless of the outcome of the present suit, Cox is entitled to $201,397.50 from MJP Services. But it appears entering a second judgment for that amount would be duplicative of the amounts owing from the earlier suit or, alternatively, reflect an unwarranted doubling of MJP Services's liability to Cox. Because its motion for summary judgment does not address this issue, Cox must file a statement explaining why it is entitled to a second judgment against MJP Services. Cox should cite Arizona authority allowing

for potentially-duplicative judgments of the type it seeks. If Cox is unable to locate such authority, it must explain how it wishes to proceed.

Accordingly,

**IT IS ORDERED** no later than **March 5, 2025**, plaintiff Cox Airparts LLC shall file a statement explaining the legal and factual basis for its requested judgment against MJP Services.

Dated this 28th day of February, 2025.

Honorable Krissa M. Lanham
United States District Judge