**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cox Airparts LLC, | No. CV-23-01466-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Kevin Brown, et al., | |
| Defendants. | |

Plaintiff Cox Airparts LLC concedes the analysis in *Renda v. Nevarez*, 167 Cal. Rptr. 3d 874 (Cal. Ct. App. 2014), means it is not entitled to the relief requested in its motion for summary judgment. (Doc. 55 at 2.) But Cox argues it is entitled to "an order voiding the fraudulent transfers by MJP Services, LLC, consistent with the principles outlined in [*Renda*]." (Doc. 55 at 3.) There is a crucial difference between the situation in *Renda* and the present case that renders unavailable even the more limited relief Cox now seeks.

In *Renda*, Mario Renda had obtained a judgment against Ana Nevarez for more than $800,000. Nevarez did not pay the judgment and Renda believed Nevarez "was transferring assets to sham entities." *Id.* at 875. Renda then filed a second suit against Nevarez. In that second suit Renda also named the "sham entities" as defendants. *Id.* The California trial court "entered a judgment voiding the . . . fraudulent transfers" and the "sham entities" were held liable for those fraudulent transfers. But the trial court refused to enter another monetary judgment against Nevarez. *Id.* at 876. The California Court of Appeal concluded

that was correct because Renda retained his original judgment against Nevarez and there was no basis for a second judgment against Nevarez. The situation in the current case is different.

In 2022, Cox obtained a judgment and orders totaling $201,397.50 against Bruce Brown, Kevin Brown, Arizona Aircraft Accessories LLC, Michael Polve, MJP Services LLC, and Warrior Enterprises. (CV-21-2213-PHX-SRB, Doc. 1.) After those defendants failed to pay, Cox filed the present case and named as defendants several (though not all) of the judgment debtors: Kevin Brown, Michael and Andrea Polve,[1] and MJP Services LLC. Cox alleged there were fraudulent transfers from MJP to the other named defendants and transfers from MJP to original judgment debtor but current non-party Bruce Brown. (Doc. 51 at 4.) All defendants here, alongside non-party Bruce Brown, have already been held jointly and severally liable for the $201,397.50 judgment and orders. And unlike the second suit in *Renda*, this suit does not involve independent transfers to any new defendants. That is, there is no new individual or entity similar to the "sham entities" in *Renda* from which fraudulently transferred funds might be recovered.[2] Without additional defendants unrelated to the original judgment, the only possible outcome of the present suit appears to be a second judgment that would provide no relief to Cox. That probable outcome means there likely is a jurisdictional problem: lack of standing.

As the party invoking federal jurisdiction, Cox "bears the burden of establishing standing as of the time [it] brought th[e] lawsuit and maintaining it thereafter." *Murthy v.*

---

[1] Andrea Polve was not named as a defendant in the first suit. It appears she is named in this suit only because of the possibility that community property is at issue. (Doc. 23 at 3). *See Spudnuts, Inc. v. Lane*, 676 P.2d 669, 670 (Ariz. Ct. App. 1984) ("[I]f a plaintiff wants to hold a marital community accountable for an obligation, both spouses must be sued jointly."). Cox has not argued the addition of Andrea Polve matters for purposes of the relief Cox seeks.

[2] Cox argues non-party Bruce Brown was the transferee for some of the fraudulent transfers from MJP. Cox has not explained how the court could void a transfer to Bruce Brown without him being a defendant in the present case. "Typically, where a creditor alleges a fraudulent transfer of property from a judgment debtor to a transferee who retains title to the subject property or who claims an interest in the property or its proceeds, the transferee is a necessary party to any action seeking to set aside the transfer." *Liberty Mut. Ins. Co. v. Hawaiya Techs., Inc.*, No. CV 18-00410 HG-WRP, 2019 WL 13163793, at *3 (D. Haw. Oct. 7, 2019) (simplified). Even beyond that issue, Bruce Brown is already liable to Cox for the full amount, meaning Cox can recover directly from Bruce Brown instead of having any transfers voided and collecting the funds from MJP.

*Missouri*, 603 U.S. 43, 58 (2024). The familiar requirements for standing include an injury "likely to be redressed by the requested relief." *Haaland v. Brackeen*, 599 U.S. 255, 291–92 (2023). Cox's suit suffers from a redressability problem.

"[R]edressability requires that the court be able to afford relief *through the exercise of its power*, not through the persuasive or even awe-inspiring effect of the opinion explaining the exercise of its power." *Id.* at 294 (simplified). "It is a federal court's judgment, not its opinion, that remedies an injury; thus it is the judgment, not the opinion that demonstrates redressability." *Id.* Here, an opinion reiterating that MJP still owes Cox $201,397.50 or outlining how MJP engaged in fraudulent transfers to other original judgment debtors would not provide any substantive relief. If the court were to issue a judgment voiding transfers between jointly and severally liable defendants, it is not clear how that would place Cox in a position any different than its present one. In other words, Cox can already demand MJP pay the full amount of the original judgment and seek recovery from all individuals and entities to whom the fraudulent transfers were allegedly made. A judgment voiding fraudulent transfers like Cox now seeks would not materially change Cox's legal position vis-à-vis its judgment debtors at all.

Cox must therefore establish the presence of federal jurisdiction. If Cox believes federal jurisdiction exists, it must also address whether the automatic stay prevents the court from adjudicating the legality of transfers from MJP to those defendants in bankruptcy proceedings.

**IT IS ORDERED** no later than **March 17, 2025**, plaintiff shall file a statement establishing the presence of federal jurisdiction and, if appropriate, addressing the impact of the bankruptcy proceedings on the present suit.

Dated this 10th day of March, 2025.

Honorable Krissa M. Lanham
United States District Judge